UNITED STATES, Appellee

v.

JULIAN G. LEAL, Private,
U. S. Marine Corps, Appellant

6 USCMA 166, 19 CMR 292

No. 6333

Decided July 15, 1955

Commander James A. Brough, USN, and Major Melvyn H. Kerr, USMC, were on the brief for Appellant, Accused.

Commander George H. Rood, USN, and Commander Raymond W. Glasgow, USN, were on the brief for Appellee, United States.

Opinion of the Court

PER CURIAM:

A general court-martial sitting at Camp Lejeune, North Carolina, found the accused guilty, inter alia, of desertion terminated by apprehension, in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679. The sufficiency of the evidence to support the finding of apprehension is the problem now before us.

The Government relied solely on an entry in the accused's service record book which related that he had been apprehended on July 27, 1954, by two Federal Bureau of Investigation agents

166

in Houston, Texas, and thereafter surrendered to Air Police in the same city. By the time of the accused's return to military custody, and of the entry in his service record book, Marine directives had been altered to impose· the duty of recording whether an unauthorized absence was terminated by surrender or by apprehension. See United States v. Bennett, 4 USCMA 309, 15 CMR 309. As we have recently pointed out, such an entry, when made under an official duty, will sustain a court-martial's finding of apprehension. United States v. Simone, 6 USCMA 146, 19 CMR 272; United States v. Lugo, 6 USCMA 151, 19 CMR 277.

Accordingly, the findings and sentence, as acted on by intermediate agencies of appellate review, must be affirmed.